UNITED STATES DISTRICT COURT  EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ELVIRA JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:25-CV-579 |
| | § | |
| CITY OF PORT ARTHUR and RONALD | § | |
| BURTON, *individually and in his official* | § | |
| *capacity*, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Elvira Jones's ("Jones") Motion for Leave to File Third Amended Complaint (#23). Defendants City of Port Arthur ("Port Arthur") and Ronald Burton ("Burton") (collectively "Defendants") filed a Response (#25) in opposition, and Jones filed a Reply (#26). Having considered the pending motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that Jones's motion should be granted.

I. Background

The present lawsuit arises out of Jones's seventeen years of employment with Port Arthur. During her employment, Jones, an African-American woman, worked as a Maintenance Worker II and an Equipment Operator. According to Jones, despite her qualifications and seniority, she has repeatedly been denied a promotion to the Equipment Operator I position in the Drainage Department, while similarly or less qualified male employees were selected for the position. On November 7, 2025, Jones filed suit against Port Arthur in the 60th Judicial District Court of Jefferson County, Texas. On December 12, 2025, Port Arthur removed the case to the Eastern District of Texas, Beaumont Division.

On January 19, 2026, Port Arthur filed a Motion to Dismiss Plaintiff's Petition (#5). Approximately one month later, Jones filed a Motion for Leave to File First Amended Complaint (#10), which the court later granted.  During the scheduling conference, counsel for Defendants informed the court that Defendants intended to file a renewed motion to dismiss once Jones filed a second amended complaint changing certain dates that were incorrect in her First Amended Complaint.  On March 6, 2026, Jones filed a Motion for Leave to File Second Amended Complaint (#17), which the court granted.  On April 9, 2026, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint (#22).  The following day, on the final day to file a timely amended pleading under the court's Scheduling Order (#15), Jones filed a Motion for Leave to File Third Amended Complaint (#23).  Jones asks this court to grant her request for leave to amend, as the proposed amendment incorporates "newly confirmed facts" and strengthens and clarifies her claims.  Defendants, however, oppose Jones's motion on the grounds that the amendment pleads facts that were known or should have been known at the time of the filing of her Second Amended Complaint and because allowing the amendment would unduly prejudice Defendants.

II.      Analysis

The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave" to amend pleadings "when justice so requires."  FED. R. CIV. P. 15(a)(2); *accord BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025); *Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020); *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 740 (5th Cir. 2019); *Brown v. Taylor*, 911 F.3d 235, 246 (5th Cir. 2018).  The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a

technical exercise in the fine points of pleading.  *DeGruy v. Wade*, 586 F. App'x 652, 655 (5th Cir. 2014) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)); *Tex. Indigenous Council v. Simpkins,* 544 F. App'x 418, 421 (5th Cir. 2013); *Johnson v. Epps*, 479 F. App'x 583, 588 (5th Cir. 2012); *Omega Hosp., LLC v. United Healthcare Servs., Inc.*, 389 F. Supp. 3d 412, 418 (M.D. La. 2019).  The language of Rule 15(a) "evinces a bias in favor of granting leave to amend."  *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019) (quoting *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2017)); *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018); *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir. 2018).

Leave to amend, however, is by no means automatic.  *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017); *Bridge Assoc. L.L.C.*, 561 F.3d at 391; *Newby v. Enron Corp.*, 542 F.3d 463, 469 (5th Cir. 2008); *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006).  While leave to amend should be freely given, that generous standard is tempered by the necessary power of a district court to manage a case.  *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013); *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010); *United States ex rel. Hebert v. Dizney*, 295 F. App'x 717, 725 (5th Cir. 2008); *Fin. Acquisition Partners LP*, 440 F.3d at 291.  Thus, granting leave to amend a pleading is within the sound discretion of the trial court.  *McGee v. Citi Mortg., Inc.*, 680 F. App'x 287, 291 (5th Cir. 2017); *see Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 550 (5th Cir. 2009); *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).  Although if the court "lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial."  *McGee*, 680 F. App'x at 291; *see Benson*, 575 F.3d at 550; *Jones*, 427 F.3d at 994.

In evaluating a motion for leave to amend, the court should consider certain factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Farmers Tex. Cnty. Mut. Ins. Co.*, 2026 WL 507787, at *3; *Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 302-03 (5th Cir. 2022) (quoting *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 575 (5th Cir. 2021)); *Body by Cook, Inc.*, 869 F.3d at 391 (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)); *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir. 2010); *Bridge Assoc. L.L.C.*, 561 F.3d at 391.  If any one of these factors applies, leave may be withheld.  *Rosenblatt*, 607 F.3d at 419; *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (explaining, conversely, that "[a]bsent any of these factors, the leave should be 'freely given'" (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

A.      Undue Delay, Bad Faith, or Dilatory Motive

The first three factors require the court to evaluate whether the plaintiff engaged in undue delay, acted in bad faith, or has a dilatory motive for requesting the amendment.  *Farmers Tex. Cnty. Mut. Ins. Co.*, 2026 WL 507787, at *3.  "Delay alone, even without a demonstration of prejudice, may justify denying a party's motion to amend its pleading under Rule 15(a)." *Veldekens v. GE HFS Holdings, Inc.*, Civ. A. No. H-06-3296, 2008 WL 190442, at *4 (S.D. Tex. Jan. 22, 2008) (citing *Te-Moak Bands of W. Shoshone Indians of Nev. v. United States*, 948 F.2d 1258, 1262 (Fed. Cir. 1991)).  When considering a motion for leave to amend, the court may properly consider whether the facts underlying the amendment were known at the time the preceding complaint was filed.  *Mathews v. Bowie County*, 600 F. App'x 933, 935 (5th Cir. 2015)

4

(citing *In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996)); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1200 (5th Cir. 1995).  Additionally, bad faith and dilatory motive may be inferred when the plaintiff was aware of the underlying facts at the outset of the action but delayed inexplicably in bringing the claim.  *Wimm*, 3 F.3d at 141-42.

Here, Jones has not engaged in undue delay or acted in bad faith, and she does not appear to have a dilatory motive for requesting leave.  As a preliminary matter, the agreed scheduling order set the deadline for amending pleadings as April 10, 2026.  Jones filed the pending motion before the scheduling order deadline expired.  Additionally, Jones states in her motion that the newly alleged facts were either unconfirmed or undisclosed at the time of the filing of her Second Amended Complaint.  Although Defendants broadly contend that "most, if not all, of the allegations to be amended were known, or should have been known to Plaintiff before the filing of her Second Amended Complaint or are unnecessary additions," they cite no evidence in support of their contention.  Moreover, the court cannot conclude that any delay, to the extent one exists, was "undue" as only thirty-five days passed between the filing of the Second Amended Complaint and the Motion for Leave to File a Third Amended Complaint.  Furthermore, as it currently stands, the case is less than six months old and has not yet proceeded beyond the motion to dismiss stage.  *De La Garza Gutierrez v. Pompeo*, 741 F. App'x 994, 1001 (5th Cir. 2018) (holding that the plaintiff did not engage in undue delay because the case was less than six months old and remained in the motion to dismiss stage).  Therefore, given that this case remains in its infancy, Jones's assertions that she did not act in bad faith or have a dilatory motive, and the lack of evidence to the contrary, these factors weigh in favor of granting her request for leave to amend.

5

B.    Undue Prejudice

Rule 15(a) also requires courts to consider whether granting the requested leave will unduly prejudice the opposing parties. *Farmers Tex. Cnty. Mut. Ins. Co.*, 2026 WL 507787, at *3. Defendants maintain that granting the motion will prejudice them by essentially rendering the time and resources they poured into drafting their Second Motion to Dismiss a waste, while also requiring them to expend more time and resources in crafting a renewed motion to dismiss. The court acknowledges that the timing of Jones's motion is inconvenient, at best, and understands Defendants' frustration. The court also recognizes that the alleged prejudice could have been avoided or mitigated had Jones's counsel used a little more diligence in securing the client's verification and the newly alleged information.[1] Nevertheless, Defendants will not face undue prejudice if leave to amend is granted.

First, granting the motion for leave to amend will not prejudice Defendants with respect to discovery, as the discovery deadline will not pass until October 30, 2026. *Garcia Marmolejo v. Rancho Cinegetico El Gran Chaparral II*, No. 1:24-cv-00522-RP, 2025 WL 3467225, at *3 (W.D. Tex. Sep. 8, 2025) (recognizing that defendants will not be prejudiced where the amendment is sought in the early stages of the proceedings); *Cinemark Holdings, Inc. v. Factory Mut. Ins. Co.*, No. 4:21-CV-00011, 2021 WL 3190508, at *3 (E.D. Tex. July 28, 2021) (holding that the defendant would not be unduly prejudiced where the motion to amend was filed well before the discovery deadline); *Snelling Emp., LLC v. Doc Johnson Enters.*, 2019 WL 13516553, at *1 (N.D. Tex. Jan. 25, 2019). Second, the requested amendment does not plead additional

---

[1] The court cautions Plaintiff's counsel that a repetition of this unfortunate timing will not be viewed favorably.

claims, but rather provides additional facts to clarify and bolster Jones's existing claims.  *Snelling Emp., LLC*, 2019 WL 13516553, at \*1 ("Plaintiff is not unduly prejudiced by this amendment since the amendment does not add substantively different counterclaims.").  Lastly, any prejudice arising from Defendants' need to file a new motion to dismiss remains minimal, as they will need only to modify their latest motion to address Jones's new allegations.  Therefore, granting Jones's motion for leave to amend will not cause Defendants to suffer any undue prejudice.

    C.    <u>Repeated Failure to Cure and Futility</u>

The remaining factors the court must consider when evaluating a motion for leave to amend are whether Jones has repeatedly failed to cure the deficiencies in her pleadings in previously allowed amendments and whether the proposed amendment would be futile.  *Farmers Tex. Cnty. Mut. Ins. Co.*, 2026 WL 507787, at \*3.  At this juncture, the court cannot conclude that Jones has repeatedly failed to cure the deficiencies in her pleadings.  As a preliminary matter, the sufficiency of her pleadings has yet to be tested.  More importantly, however, is the fact that Jones has only sought leave to amend on two prior occasions.  The first motion for leave to amend was filed shortly after the case was removed to federal court, and the second motion was filed to correct certain dates that were erroneous.  There is nothing in the record to suggest that either amendment was made for purposes of curing any substantive deficiencies.  *Vaughn v. Exel, Inc.*, 2026 WL 1082492, at \*3 (N.D. Tex. Apr. 20, 2026) (recognizing that this factor weighs in favor of granting leave to amend when prior amendments were not made for purposes of curing deficiencies).  Additionally, even if the prior amendments were made to cure any alleged deficiencies, given that this is only plaintiff's third request for leave to amend, the court cannot view any alleged failure to cure those deficiencies as repeated.

Similarly, allowing Jones to amend her complaint at this juncture will not be futile. Because the court does not wish to delve into the merits of Jones's claims or any motion to dismiss that may be forthcoming, the court is satisfied that, at a minimum, the requested amendment allows Jones to clarify her claims. Accordingly, in light of the liberal standard contained in Rule 15(a) and the analysis of the above factors, Jones's request for leave should be granted.

III.    Conclusion

Based on the foregoing analysis, Jones's Motion for Leave to File Third Amended Complaint (#23) is GRANTED. Accordingly, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (#22) is DENIED as moot. Defendants shall have until May 22, 2026, to file a responsive pleading.

SIGNED at Beaumont, Texas, this 11th day of May, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE